# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| STEPHEN COX and BONNIE COX, <br><br> Plaintiffs, <br><br> v. <br><br> KIA MOTORS AMERICA, INC., <br><br> Defendants. | Case No. 20-cv-02380-BLF <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** <br><br> [Re: ECF 13] |

Before the Court is a motion to remand filed by Plaintiffs Stephen and Bonnie Cox ("the Coxes"). The Court previously vacated the hearing on the motion. *See* Order Vacating Hearing, ECF 19. The Court has considered the Coxes' motion, the opposition filed by Defendant Kia Motors America, Inc. ("Kia"), and the Coxes' reply.

For the reasons discussed below, the motion to remand is GRANTED.

**I.     BACKGROUND**

This action arises from the Coxes' purchase of a 2014 Kia Soul vehicle in December 2013. *See* SAC ¶ 10, ECF 1-4. The vehicle allegedly contained or developed numerous defects within the warranty period. *See* SAC ¶ 12. The Coxes claim that they took the vehicle to Kia's authorized repair facilities on many occasions, but the defects were not fixed. *See* SAC ¶¶ 57-63.

On February 4, 2019, approximately five years after purchasing the vehicle, the Coxes filed this action in the Santa Clara County Superior Court, asserting breach of implied and express warranties under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal Civ. Code § 1790, *et seq.*, and related state law claims. *See* Notice of Removal ¶ 2, ECF 1. The Coxes amended their pleading twice in state court, dropping their claim under the Song-Beverly

Act and adding a claim under the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310, when they filed the operative second amended complaint ("SAC"). *See id.* ¶¶ 3-5. Kia thereafter removed the action to federal district court on the basis of federal question jurisdiction arising from the Coxes' assertion of an MMWA claim in the SAC.[1] *See id.* ¶ 18. The Coxes seek remand, asserting that Kia cannot show the amount in controversy exceeds $50,000 as required for federal jurisdiction in an MMWA case.

## II.   LEGAL STANDARD

A suit filed in state court may be removed to federal district court by the defendant if the suit originally could have been filed in the district court. *See* 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). There is a strong presumption that the case lies outside the limited jurisdiction of the federal courts. *See id.* "[T]he defendant always has the burden of establishing that removal is proper," and the Court "resolves all ambiguity in favor of remand to state court." *Id.* (quotation marks and citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447.

"[F]ederal courts only have jurisdiction over Magnuson-Moss claims if the amount in controversy exceeds $50,000." *Limon-Gonzalez v. Kia Motors Am., Inc.*, CV 20-4381 PA (JPRx), 2020 WL 3790838, at *1 (C.D. Cal. July 7, 2020); *see also* 15 U.S.C. § 2310(d)(3). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the defendant has the burden of establishing by a preponderance of the evidence that the jurisdictional threshold is met. *Id.*

---

[1] Kia observes that diversity jurisdiction does not lie, because the Coxes are California citizens and Kia maintains its principal place of business in California. *See* Notice of Removal, ¶¶ 8-9.

## III. DISCUSSION

As noted above, Kia removed this action based on federal question jurisdiction after the Coxes first asserted an MMWA claim in the SAC. *See* Notice of Removal ¶ 22, ECF 1. The Coxes seek remand, arguing that Kia cannot meet its burden to show that the amount in controversy exceeds the jurisdictional threshold of $50,000.

### A. The Amount in Controversy is Not Clear from the Face of the SAC

Kia first argues that it appears clear on the face of the SAC that the amount in controversy exceeds $50,000. Specifically, Kia points to the Coxes' allegation that they "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00," SAC ¶ 14, and their prayer for "a civil penalty in the amount of two times Plaintiff's [*sic*] actual damages," Prayer ¶ f. Kia argues that because the Coxes seek damages in an amount not less than $25,001.00 plus civil penalties of up to two times damages, *i.e.*, up to $50,002.00, it appears on the face of the SAC that the amount in controversy is at least $75,003.00 – more than the jurisdictional minimum of $50,000. In response, the Coxes argue that they intended their allegation of "damages" in an amount not less than $25,001.00 to encompass the total amount in controversy, including any civil penalties. *See* Reply at 2, ECF 22 ("This allegation, however, references Plaintiffs' **total** damages, which includes both actual damages and civil penalties."). Under the Coxes' construction, the allegations of the SAC would not be sufficient to show that the jurisdictional threshold is satisfied.

"Numerous district courts in this Circuit have concluded that Plaintiffs' Complaint language – i.e., that Plaintiffs suffered 'damages in an amount that is not less than $25,001.00' – is too speculative to conclude that the amount in controversy is satisfied." *Limon-Gonzalez*, 2020 WL 3790838, at *2 (collecting cases). Those courts found that the term "damages" did not necessarily mean "actual damages," but could refer to the total amount in controversy, including civil penalties. *See, e.g.*, *Feichtmann v. FCA US LLC*, No. 5:20-CV-01790-EJD, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020) ("In the absence of any contradictory allegations in the Complaint, the Court accepts Plaintiff's explanation that the $25,001.00 figure represents the combined total of actual damages and civil penalties."); *Steeg v. Ford Motor Co.*, No. 19-CV-

3

05833-LHK, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020) ("Because Defendants have not provided a basis for the Court to interpret 'damages' to mean 'actual damages,' the Court must resolve this ambiguous allegation in favor of remand."); *Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) ("Defendant's assertion that these damages refer only to actual damages is only an assumption."). Based on this ambiguity regarding the meaning of "damages," the courts determined that it was unclear from the face of the complaint that the jurisdictional threshold had been satisfied.

Kia cites two district court decisions in the Ninth Circuit holding that allegations similar to those in the Coxes' SAC were sufficient to satisfy the jurisdictional threshold. *See Bernstein v. BMW of N. Am., LLC*, No. 18-CV-01801-JSC, 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018); *McDonald v. BMW of N. Am., LLC*, No. 3:17-CV-2011-CAB-BLM, 2017 WL 5843385, at *2 (S.D. Cal. Nov. 28, 2017). While those cases support Kia's argument, this Court finds that the weight of authority in this Circuit supports the Coxes' position. Given the multiplicity of cases finding that an allegation of "damages" in an amount not less than $25,001.00 could encompass civil penalties, and the Coxes' assertion that they intended that meaning, this Court concludes that the SAC is ambiguous and does not clearly show that the amount in controversy exceeds $50,000. The Court recently reached the same conclusion in another MMWA case with nearly identical allegations. *See Miller v. Ford Motor Co.*, No. 19-CV-07382-BLF, 2020 WL 5569706 (N.D. Cal. Sept. 17, 2020).

The Court notes that it denied motions to remand in two prior auto warranty cases involving allegations similar to those in the Coxes' pleading. *See Pestarino v. Ford Motor Co.*, No. 19-CV-07890-BLF, 2020 WL 1904590 (N.D. Cal. Apr. 17, 2020); *Verastegui v. Ford Motor Co.*, No. 19-CV-04806-BLF, 2020 WL 598516 (N.D. Cal. Feb. 7, 2020). Both cases are factually distinguishable from the present case. In *Pestarino*, the plaintiff alleged that "[t]he amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00)," and that *in addition* the plaintiff sought damages "for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees." *Pestarino*, 2020 WL 1904590, at *3. The plaintiff did not argue, as do the Coxes here, that the $25,000 figure alleged in the

4

complaint encompassed all damages and civil penalties at issue, and in fact he made allegations expressly to the contrary. In *Verastegui*, the Court determined that construing the plaintiff's allegation of "damages" to include civil penalties would conflict with other allegations in the complaint. *See Verastegui*, 2020 WL 598516, at *3. The Court has made no such determination here, and Kia has not identified any allegations in the SAC that preclude the construction argued by the Coxes.

Kia cites a number of cases, mostly from outside the Ninth Circuit, holding that "damages" are distinct from "penalties." *See* Opp. at 7-8, ECF 14. None of the cited cases involved auto warranty claims like those at issue here. As a result, they are of little help in determining whether the allegations in the Coxes' SAC are ambiguous regarding the amount in controversy. Kia also asserts that when determining the amount in controversy, the Court must consider the maximum recoverable civil penalties, an assertion disputed by the Coxes. While the Court agrees with Kia that the maximum recoverable civil penalties must be considered when determining the amount in controversy, *see Verastegui*, 2020 WL 598516, at *3, the Court cannot determine from the SAC in this case whether such penalties are included in, or in addition to, the alleged "damages" in an amount not less than $25,001.00.

In conclusion, the Court finds that it is unclear or ambiguous from the face the SAC whether the requisite amount in controversy is pled.

**B.     Kia has Not Submitted Evidence Establishing the Jurisdictional Threshold**

In light of the ambiguity of the SAC, Kia has the burden to show by a preponderance of the evidence that the amount in controversy exceeds $50,000. Kia attempts to meet this burden by pointing to the purchase price of the vehicle and the Coxes' claim for attorneys' fees.

**1.     Vehicle Purchase Price**

The Coxes seek "any remedies pursuant to the Magnuson-Moss Act, including but not limited to those remedies provided under the Song-Beverly Act. . . ."[2] Prayer ¶ a. Remedies under the Song-Beverly Act include reimbursement "in an amount equal to the purchase price paid

---

[2] "The MMWA provides a federal cause of action for state warranty claims." *See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1143 (N.D. Cal. 2010).

1   by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the
2   nonconformity." Cal. Civ. Code § 1793.2(d)(1). The "amount directly attributable to use by the
3   buyer," is calculated based on the number of miles the buyer drove the car before the first relevant
4   repair. *See* Cal. Civ. Code § 1793.2(d)(2)(C); *Mullin v. FCA US, LLC*, No. CV 20-2061-RSWL-
5   PJW, 2020 WL 2509081, at *2 (C.D. Cal. May 14, 2020). This statutory offset, referred to by
6   some courts as the "mileage offset," properly is considered when determining the amount in
7   controversy for jurisdictional purposes. *See Mullin*, 2020 WL 2509081, at *3 ("Plaintiff is correct
8   that the mileage offset may reduce the amount in controversy.").

9       Kia submits the Retail Installment Sales Contract showing that the vehicle purchase price
10  was $23,596.49. *See* Rogerson Decl. ¶¶ 4-6 & Exh. A, ECF 14-2. Kia contends that because the
11  Coxes seek restitution of the purchase price, their actual damages are at least $23,596.49 and the
12  maximum recoverable civil penalties are at least $47,192.98 (twice the purchase price).
13  According to Kia's calculation, the amount in controversy therefore is at least $70,789.47, which
14  is greater than the jurisdictional minimum for MMWA cases.

15      Kia's argument is flawed, because as the Coxes point out in their reply, Kia makes no
16  allowance for the mileage offset. It appears on the face of the SAC that the Coxes purchased the
17  vehicle in December 2013 and presented it for repair more than four years later after driving the
18  vehicle approximately 100,000 miles. *See* SAC ¶¶ 58-62. Kia argues that the mileage offset does
19  not apply in this case, because the Coxes allege that the defects existed and were known to Kia at
20  the time of the vehicle sale. Whether the defects existed or were known to Kia at the time of sale
21  is irrelevant. The mileage offset is based on the buyer's use of the vehicle prior to the *buyer's*
22  *discovery* of the nonconformity. *See* Cal. Civ. Code § 1793.2(d)(1). Because Kia has failed to
23  account for the mileage offset, it has failed to establish either the amount of actual damages or the
24  maximum recoverable civil penalties, calculated as twice actual damages. *See Mullin*, 2020 WL
25  2509081, at *3 ("Because Defendants neglected to take the mileage offset into account, they failed
26  to meet their burden of showing Plaintiff's actual damages based on the purchase price of the
27  vehicle.").
28

### 2. Attorneys' Fees

Kia next attempts to show that the jurisdictional threshold is met by the Coxes' claim for attorneys' fees under the MMWA and the Song-Beverly Act. The MMWA provides that a prevailing consumer "may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." 15 U.S.C.A. § 2310(d)(2). Similarly, the Song-Beverly Act provides that "[i]f the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona*, LLC, 899 F.3d 785, 794 (9th Cir. 2018).

Notwithstanding the Ninth Circuit's guidance in *Fritsch*, the Coxes argue that attorneys' fees should not be considered in determining the amount in controversy for jurisdictional purposes. In support of this position, the Coxes cite district court cases reasoning that "prospective attorneys' fees are too speculative for inclusion into amount in controversy," *Yegan v. Ford Motor Co.*, No. 2:19-cv-01519-RGK(GJSx), 2019 WL 7374627, at *1 (C.D. Cal. Apr. 18, 2019), and that inclusion of attorneys' fees in the amount in controversy is permissive but not mandatory, *see Nevarez v. FCA US LLC*, No. SA CV 20-00568-DOC-JDE, 2020 WL 2394935, at *2 (C.D. Cal. May 12, 2020). Other cases cited by the Coxes state without discussion that "[a]ttorneys' fees are 'costs and interests' within the definition of the [Song-Beverly] Act, and are therefore, excluded from the calculation" of amount in controversy. *Chavez v. FCA US LLC*, No. 2:19-cv-06003-ODW (GJSx), 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020).

These decisions are unpersuasive. *Yegan* and *Nevarez* are contrary to *Fritsch*, in which the

7

1  Ninth Circuit expressly rejected arguments "that future attorneys' fees should not be included in
2  the amount in controversy because they are inherently speculative and can be avoided by the
3  defendant's decision to settle an action quickly." *Fritsch*, 899 F.3d at 795. *Chavez* and other
4  cases upon which the Coxes rely are contrary to numerous Ninth Circuit and district court cases
5  holding that attorneys' fees are included in the amount in controversy in MMWA and Song-
6  Beverly suits. *See, e.g., Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.4 (9th Cir. 2018)
7  (attorneys' fees properly considered part of amount in controversy in Song-Beverly Act case);
8  *Park v. Jaguar Land Rover N. Am., LLC*, No. 20-CV-00242-BAS-MSB, 2020 WL 3567275, at *4
9  n.2 (S.D. Cal. July 1, 2020) ("The Ninth Circuit and many California district courts have indicated
10 that the amount in controversy may include attorney's fees in Song-Beverly Act cases."); *Olivas v.*
11 *Cutter CJD*, No. CV 19-00454 DKW-RT, 2020 WL 4332894, at *5 (D. Haw. Apr. 16, 2020),
12 *report and recommendation adopted*, No. CV 19-00454 DKW-RT, 2020 WL 4343665 (D. Haw.
13 July 27, 2020) ("Ninth Circuit precedent establishes that attorneys' fees are included in the
14 calculation of the amount in controversy for MMWA cases."); *Vallejo v. Gen. Motors, LLC*, No.
15 CV 19-10631-DMG (ASx), 2020 WL 1164949, at *3 (C.D. Cal. Mar. 11, 2020) ("Removing
16 defendants may include potential future attorneys' fees in the amount in controversy
17 calculation."). This Court thus turns to the question of whether Kia has shown that the attorneys'
18 fees claimed by the Coxes exceed the jurisdictional threshold.
19  A removing defendant must "prove that the amount in controversy (including attorneys'
20 fees) exceeds the jurisdictional threshold by a preponderance of the evidence." *Fritsch*, 899 F.3d
21 at 795. The defendant must "make this showing with summary-judgment-type evidence." *Id*. Kia
22 has not satisfied its burden here. Kia contends that "common sense would dictate that Plaintiffs
23 have already incurred a substantial amount of attorney's fees." Opp. at 9, ECF 14. However, Kia
24 does not submit any evidence in support of this contention. Kia cites to a "Hugret Declaration"
25 that Kia asserts was attached to the Notice of Removal. As an initial matter, Kia's citation to a
26 declaration that was not included in the briefing on the present motion violates this Court's
27 Standing Order Re Civil Cases, which prohibits incorporation by reference and mandates that
28 "[a]ll factual and legal bases for a party's position with respect to a motion must be presented in

8

the briefing on that motion." Standing Order Re Civil Cases ¶ 4.D.  Moreover, the Court cannot locate a "Hugret Declaration" filed with either the Notice of Removal or the opposition to the present motion.  The Coxes likewise could not locate the declaration.  *See* Reply at 5 (referencing "a non-existent 'Hugret' Declaration), ECF 22.

Kia has failed to establish that the Coxes' claimed attorneys' fees satisfy the jurisdictional threshold.

### C. Conclusion

In conclusion, Kia has failed to establish that the $50,000 jurisdictional threshold for MMWA cases is satisfied here, either by reference to the face of the SAC or by a preponderance of the evidence.  The Coxes' motion to remand therefore is GRANTED.

### IV. ORDER

(1) Plaintiffs' motion to remand is GRANTED, and this case IS REMANDED to the Santa Clara County Superior Court;

(2) The Clerk SHALL transmit the relevant documents to the Santa Clara County Superior Court and close this Court's file; and

(3) This order terminates ECF 13.

Dated: September 30, 2020

_____
BETH LABSON FREEMAN
United States District Judge